UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 JAN 29  PM 12: 43

| | |
|---|---|
| DROPBOX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS SKYBAKMOEN, an individual,<br><br>Defendant. | CASE NO. A16MC0066 LY<br><br>CASE IN OTHER COURT:<br>No. 3:15-cv-01741-EMC (N.D. Cal.) |

# DROPBOX, INC.'S UNOPPOSED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

    Dropbox Trademark Dispute ............................................................................................ 2

    Thomas Skybakmoen Identified As Important ................................................................ 2

    Discovery Sought From Thomas Skybakmoen ............................................................... 2

ARGUMENT .............................................................................................................................. 4

CONCLUSION ........................................................................................................................... 6

# INTRODUCTION

Plaintiff Dropbox respectfully seeks the assistance of this Court to compel compliance with a subpoena issued in connection with litigation in the Northern District of California, Case No. 3:15-cv-01741-EMC, where Dropbox is involved in litigation with a company called Thru Inc. ("Thru"). In that litigation, Dropbox seeks a declaratory judgment that Dropbox has not infringed Thru's trademark rights. Thru has counterclaimed, accusing Dropbox of trademark infringement.

Defendant Thomas Skybakmoen is a prior employee of Thru, and held a critical position at a critical time period as it relates to the parties' trademark dispute. Dropbox served Mr. Skybakmoen with a subpoena requesting testimony and production of certain documents relevant to the litigation. Mr. Skybakmoen—on advice of his counsel—has withheld documents and testimony concerning information that may be confidential to Thru based on an alleged nondisclosure agreement between himself and Thru. Dropbox understands that Mr. Skybakmoen fears he may be prohibited from disclosing that information or giving that testimony and thus refuses to produce the documents and testimony in response to the subpoena. Mr. Skybakmoen is willing to provide this potentially-confidential information and documents in response to a court order, but has declined to do so in response to a subpoena. Mr. Skybakmoen, therefore, does not oppose this motion.

At no point has Thru objected to the subpoena of Mr. Skybakmoen. Moreover, Thru could not object to this third-party discovery based on confidentiality concerns because the underlying matter has a protective order in place. Accordingly, Dropbox requests an order compelling Mr. Skybakmoen to produce documents, including Thru-confidential materials, and provide testimony in full compliance with the subpoena.

## BACKGROUND

**Dropbox Trademark Dispute**

On September 1, 2009, Dropbox applied to register the DROPBOX trademark with the U.S. Patent and Trademark Office ("USPTO"). On November 17, 2011, Thru filed with the USPTO an application for the mark DROPBOX. Following the filing of its trademark application, Thru's attorney sent a letter to Dropbox's attorney asserting that Thru's rights in the mark had priority over Dropbox's rights. On February 4, 2014, the UPSTO issued a trademark registration to Dropbox. That day, Thru filed a petition to cancel Dropbox's trademark. On October 28, 2014, Thru filed an opposition to an additional trademark application filed by Dropbox.

On April 17, 2015, Dropbox filed a complaint for declaratory judgment in the Northern District of California, seeking a declaration that Dropbox did not infringe any trademark purportedly owned by Thru. Declaration of John L. Slafsky ("Slafsky Decl.") ¶ 7, Ex. D. Thru has counterclaimed, alleging that Dropbox has infringed Thru's purported DROPBOX mark. Slafsky Decl. ¶ 8, Ex. E. The court entered a Protective Order to guard confidential discovery in the litigation, including third-party discovery. Slafsky Decl. ¶ 9, Ex. F.

**Thomas Skybakmoen Identified As Important**

Mr. Skybakmoen worked at Thru from July 2011 until September 2012, and had the title of Vice President of Marketing & Product Strategy. On two separate occasions during the discovery process in the Dropbox-Thru dispute, Thru has identified Mr. Skybakmoen as the reason why Thru began challenging Dropbox's DROPBOX mark. Slafsky Decl. ¶ 6, Ex. C (response to interrogatory number 12).[1]

**Discovery Sought From Thomas Skybakmoen**

Dropbox served a subpoena on Mr. Skybakmoen's attorney on December 4, 2015, seeking testimony and "[a]ll documents relating to (1) any claim by Thru Inc. that its use of the term

---

[1] Lee Harrison is the CEO of Thru.

DROPBOX'S UNOPPOSED MOTION   2
TO COMPEL

'Dropbox' is a trademark; (2) any agreements between you and Thru Inc.; (3) Lee Harrison; (4) use of the term 'Dropbox' by any company; and (5) any claim by Officeware Corp. d/b/a FilesAnywhere that its use of 'Dropbox' is a trademark." Slafsky Decl. ¶ 2, Ex. A.

On December 17, 2015, Mr. Skybakmoen's attorney stated via telephone that because of an NDA with Thru, Mr. Skybakmoen would be holding back from production all documents and testimony that he thought could be Thru-confidential. At that time, counsel for Dropbox responded that a subpoena has the power of the court and allows for Mr. Skybakmoen to produce documents and to testify regarding Thru-confidential information. Counsel for Mr. Skybakmoen indicated that Mr. Skybakmoen would be willing to provide this information pursuant to a court order, but not pursuant to a subpoena. Slafsky Decl. ¶ 3.

Mr. Skybakmoen's deposition proceeded on December 22, 2015. During the deposition, Mr. Skybakmoen stated that he had additional documents of relevance that were responsive to the subpoena that could be Thru-confidential, but that he was not producing them because of an NDA. Slafsky Decl. ¶ 5, Ex. B at 8:25-10:19. He testified to their content generally: "They were documents around marketing, presentations, some emails. . . . everything potentially that I worked on at Thru." *Id.*, Ex. B at 10:2-4. He acknowledged that he understood he may have to participate in another deposition because he was withholding relevant documents. *Id.*, Ex. B at 11:6-11.

Following the deposition, Mr. Skybakmoen provided to Dropbox a log of the documents that he was withholding on the basis of confidentiality concerns. Slafsky Decl. ¶ 4. This log contains the filenames of dozens documents that appear to be directly relevant to the claims and defenses in the underlying matter, such as "Marketing tactical plan proposal," "External Roadmap," and "Marketing Expense QB export 2011." *Id.* All of these documents are likely to be relevant to the claims and defenses in this case, for example by showing the extent to which Thru was using the term "dropbox" in its marketing materials and the manner in which Thru was using the term.

Mr. Skybakmoen has not provided the NDA he contends prevents him from disclosing Thru-confidential information. At no point has Thru objected to the subpoena of Mr. Skybakmoen or contended that confidential materials should not be produced in response to the subpoena.

## ARGUMENT

Mr. Skybakmoen is obligated to produce documents and provide testimony responsive to the subpoena. He has withheld dozens documents that appear highly relevant. Dropbox has no choice but to seek a Court order directing him to make the production and to provide related testimony.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Discovery from a non-party may occur pursuant to a validly issued subpoena. Fed. R. Civ. P. 45.

Mr. Skybakmoen never served formal objections to the subpoena. Mr. Skybakmoen has never contended that compliance with the subpoena is unduly burdensome or that Dropbox's subpoena was overbroad in scope. He and his attorney communicated a single basis for withholding documents and testimony concerning Thru-confidential information: that Mr. Skybakmoen was prohibited from disclosure by an alleged NDA between himself and Thru, and would do so pursuant to only a court order (and not a subpoena).

Mr. Skybakmoen has now provided a log of the documents that he is withholding, and the filenames in the log indicate that these documents are highly relevant to the lawsuit pending in the Northern District of California. Illustrative examples of such documents are titled "Marketing tactical plan proposal," "External Roadmap," and "Marketing Expense QB export 2011." Documents such as these may shed light on Thru's intentions, on the extent to which

Thru was using the term "dropbox" in its marketing materials, and the manner in which Thru was using the term—key issues in the pending lawsuit.

Mr. Skybakmoen is an important witness with information that cannot be obtained elsewhere. As head of marketing in the relevant time period, Mr. Skybakmoen possesses knowledge and documents that are at the heart of this trademark dispute. Thru identified Mr. Skybakmoen as the person responsible for raising Dropbox's alleged infringement of the DROPBOX mark, which served as the basis for Dropbox's declaratory judgment complaint in the underlying action. In his deposition, Mr. Skybakmoen testified regarding Thru's business plans and strategy for the DROPBOX mark. He testified that before 2011 Thru had not continuously used the term "dropbox" and that the "dropbox" name, as offered by Thru, was not well-known in the marketplace. Slafsky Decl., Ex. B at 82:1-84:7. He also testified about attempts to market the term "dropbox" through marketing avenues other than Thru's website. *Id.* at 98:12-99:10. Thru-confidential documents in his possession, and his testimony regarding them, are therefore highly relevant.

This is not a case where the potentially-confidential information is that of an unrelated third party; here, the information sought is the confidential information of Thru, the defendant in the action. There is no basis for Mr. Skybakmoen to withhold Thru-confidential documents simply because they happen to be in the possession of a third party. Moreover, to the extent these documents are confidential, Mr. Skybakmoen or Thru can designate them appropriately under the protective order entered in the underlying litigation. *See Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 390-91 (N.D. Tex. 2003) (ordering confidential documents be produced subject to a protective order, which balances the need to protect confidential information with the need for information in litigation).

## CONCLUSION

Mr. Skybakmoen does not object to this motion, and Thru has never objected to the subpoena. Accordingly, Dropbox respectfully requests an order compelling Thomas Skybakmoen to fully comply with Dropbox's subpoena.

Dated: January 29, 2016

Respectfully submitted,
WILSON SONSINI GOODRICH & ROSATI

JOSE C. VILLARREAL
TX State Bar No. 24003113
900 S. Capital of Texas Highway
Las Cimas IV, 5th Floor
Austin, Texas 78746
Telephone: (512) 338-5400
Facsimile: (512) 338-5499
jvillarreal@wsgr.com

JOHN L. SLAFSKY, *pro hac vice* pending
KEVIN L. SPARK, *pro hac vice* pending
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
jslafsky@wsgr.com
kspark@wsgr.com

**ATTORNEYS FOR PLAINTIFF
DROPBOX, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certify that on January 28, 2016, counsel for Dropbox conferred with counsel for Thomas Skybakmoen regarding the substance of this motion. This motion is unopposed.

_____
Jose C. Villarreal

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on January 29, 2016, with the Clerk of Court, and a copy of this brief was provided to counsel of record via electronic and U.S. mail:

Richard Alexander
1505 West Sixth Street
Austin, Texas 78703
Phone: (512) 482-9500
Fax: (512) 472-4013
RAlexander@AlexanderAtty.com
COUNSEL FOR DEFENDANT

_____
Jose C. Villarreal